IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS HALSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 1:20-CV-178-ECM |
| | )                      [WO] |
| HENRY BINFORD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### <u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Plaintiff Thomas Halsey, a former inmate at the Kilby Correctional Facility in Mt. Meigs,

Alabama,  brings this *pro se* civil rights action under 42 U.S.C. § 1983. At the time of filing, Halsey

was incarcerated.[1] Halsey files suit seeking to challenge the constitutionality of his

incarceration on a sentence imposed by the Circuit Court for Houston County, Alabama on

December 11, 2019. Doc. 1 at 2–3; Doc. 2 at 1. Halsey names as defendants Henry Binford,

the judge who presided over his state criminal proceedings; Pat Jones, the District Attorney

for Houston County; Shaun McGhee, his attorney in the criminal case; and Carla Woodall,

the Circuit Clerk for Houston County. Halsey seeks a declaratory judgment, closure of his

criminal case, remittance of the fines imposed, and monetary damages for the alleged

improper incarceration. Doc. 1 at 4.

Upon review, the court concludes that dismissal of the complaint prior to service of process

is appropriate under 28 U.S.C.§ 1915(e)(2)(B).[2]

---

[1] Since he filed the complaint, Halsey has been released from custody.

[2] A person who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss civil action prior to service of process if it determines that the complaint is frivolous, malicious,

## I.  DISCUSSION

### A. Malicious Complaint

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action, or appeal therein.  The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint. 28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e)(2)(B)(i)]" as "malicious." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding that the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *see also Bagby v. Karriker*, 555 F. App'x. 405, 406 (5th Cir. 2014) (unpublished)(affirming the dismissal of the complaint as malicious and frivolous because it was duplicative of a prior action as the claims it raised could be fairly said to be arising from the same series of events); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th  Cir. 1995); *Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), *report and recommendation adopted*, 2012 WL 1994914 (S.D. Ala.

---

fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii).

2012). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, the court follows no specific test. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious.  *See Bailey*, 846 F.2d at 1021. Here, the claims directed against Defendants Binford, Woodall, McGhee, and Jones rely on the same allegations as a complaint previously filed by Halsey with this court. The court has considered each aspect of Halsey's litigation and finds that his claims are repetitive of those brought in *Halsey v. Binford, et al.*, Civil Action 1:20-CV-173-WHA (M.D. Ala.).

Halsey has simply filed a new cause of action regarding the same event or series of events addressed in an earlier cause of action filed with this court. He also files this action against the same defendants named in his earlier complaint. In his previous lawsuit, Halsey had an opportunity to challenge the issues presented in this action.  Because the subject matter of Halsey's complaint arises out of the same factual allegations asserted by him in an earlier civil case, it is subject to dismissal without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and, thus, malicious. *See Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) (holding that dismissal of action without prejudice was appropriate  to appellant's prosecution of duplicative pending suit); *Bailey*, 846 F.2d at 1021. *See generally Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED without prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before April 28, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 13th day of April, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge